```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                             CRIMINAL ACTION NO. 2:06-00173

**FREDDY BADGER**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On November 17, 2016, the United States of America appeared by Timothy D. Boggess, Assistant United States Attorney, and the defendant, Freddy Badger, appeared in person and by his counsel, L. Thompson Price, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Lilla M. Adkins.  The defendant commenced a fifty-four month term of supervised release in this action on August 31, 2015, as more fully set forth in the Supervised Release Revocation and Judgment order entered by the court on April 10, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to attend scheduled office meetings with the probation officer as directed on February 19 and May 2, 2016; (2) the defendant failed to submit a monthly supervision report for the months of May, June and July, 2016; (3) the defendant failed to notify the probation officer of his change in residence inasmuch as on February 22, 2016, he reported that he had been living in a residence in Hometown, West Virginia, for approximately one month and had not informed the probation officer of such; (4) the defendant failed on a second occasion to notify the probation officer of his change in residence inasmuch as the probation officer attempted to conduct a home visit at his residence in Hometown, West Virginia, and left a business card directing the defendant to report to the probation office on June 13, 2016, the probation officer having received a voicemail from the resident of the home stating that the defendant no longer lived at the address, rendering the defendant's whereabouts unknown; (5) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on September 9, 2015, for marijuana and

2

cocaine; positive urine specimens submitted by him on February 24 and April 11, 2016, for marijuana; and a positive urine specimen submitted by him on October 25, 2016, for marijuana and opiates, the defendant having signed a voluntary admission form confirming his use of marijuana and heroin; (6) the defendant used alcohol to excess inasmuch as on September 9, 2015, he reported to the probation office smelling strongly of alcohol as evidenced by a breathalyzer test which indicated that his blood alcohol content was .011 and his admission to the probation officer that he was up until 4:00 a.m. that morning drinking intoxicating beverages; (7) the defendant failed to report for drug screening on November 19, December 7 and 18, 2015; January 29, February 2, and March 18, 2016; and the entire months of May, June and July, 2016; and (8) the defendant failed to attend substance abuse treatment on December 9, 23 and 30, 2015; January 6, 13 and 27, February 3 and 10, March 16, April 13 and 27, and May 25, 2016; and the entire months of June and July, 2016; all as admitted by the defendant and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate

the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **EIGHTEEN (18) MONTHS**, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B) and the standard conditions as set forth in Local Rule 32.3.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to a medical facility for an evaluation

of his current physical condition, including his reported condition of hyperthyroidism which he described on the record of the hearing as having affected him to the extent that he had to seek emergency medical treatment during the course of the last few months.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 21, 2016

_____
John T. Copenhaver, Jr.
United States District Judge

5